# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 17-107 (DWF/TNL) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| (11) BHUNNA WIN,<br>a/k/a Bhunna Siriangkhunwanish,<br>a/k/a J'Yung, | |
| (17) MATTHEW MINTZ, | |
| (19) RICHARD ALEXANDER, | |
| (22) PANWAD KHOTPRATOOM,<br>a/k/a Du,<br>a/k/a Pam, | |
| Defendants. | |

Based on the United States' motion for a Preliminary Order of Forfeiture; on the plea agreements between the United States and Defendants (11) Bhunna Win, (17) Matthew Mintz, (19) Richard Alexander, and (22) Panwad Khotpratoom; on the Court having found that certain property is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(6), and 1594(d), and Fed. R. Crim. P. 32.2, and on the Court's determination that the government has established the requisite nexus between such property and the offense to which the Defendants have pled guilty,

**IT IS HEREBY ORDERED** that:

1. The Motion of the United States for a Preliminary Order of Forfeiture (Doc. No. [1129]) is **GRANTED**;

2. The following property is forfeited to the United States:

   a. From (11) Defendant Win, pursuant to 18 U.S.C. § 982(a)(1):

   i. $8,481.87 seized from the defendant's JP Morgan Chase account 162992360;

   ii. $17,020.50 seized from the defendant's Bank of America account 325036719943;

   iii. $24,874.40 seized from the defendant's Apex Clearing account 607-31065-17 RR A14;

   iv. $1,303.51 seized from the defendant's Wells Fargo 8227498360;

   v. $38,651.98 seized from the defendant's Wells Fargo account 3267984155;

   vi. $14,054.68 seized from the defendant's Wells Fargo account 2706515687;

   vii. $118.08 seized from the defendant's Wells Fargo account 8339321716;

   viii. $28,374.19 seized from the defendant's Wells Fargo account 8339321708;

   ix. $2,029.76 seized from the defendant's Wells Fargo account 6785702439;

x. $29,000 in U.S. currency seized from the defendant's safety deposit box at JP Morgan Chase at 4111 Governor Drive, San Diego, California;

xi. $60,375 (appraised value) of jewelry seized from the defendant's home in San Diego, California; and

xii. Eighteen electronic devices seized during the defendant's May 24, 2017 arrest and search of her home: (1) an Asus Digital Storm with serial number 13349707; (2) an Apple iPhone model A1332; (3) an MSI Laptop; (4) a "Mini" car thumb drive; (5) a Samsung phone model GT-E1200Y with serial number R21F62PCWEV; (6) a ZTE phone model Z432 with serial number 9B050821170B; (7) a BLU phone model AOlOU with serial number LS1546555312; (8) an Apple MacBook Air A1465 with serial number C02PP14QGFWL; (9) an Apple iPhone model Al 784 with serial number F2LSF423HFYJ; (10) an Apple iPad model A1567 with serial number DMPNKAXGG5YR; (11) an Apple iPhone model A1634 with serial number C39QLBHGRXK; (12) an Oppo ASS Android phone; (13) a Microsoft Surface with sin 006729450752; (14) a Verbatim external HD with serial number JA308Y060374; (15) a Kingston Wi- Drive with serial number JXS132302771;

(16) an X-Media external HD with serial number EN225012110500; (17) a Kingston 1 GB MicroSD; and (18) a Seagate Backup Plus with serial number NA7ERHCL;

 b. From (17) Defendant Mintz, pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(6): an LG-V20 cellular telephone;

 c. From (19) Defendant Alexander, pursuant to 18 U.S.C. § 982(a)(1): a Samsung Galaxy S6 cellular telephone, model SM-G920A with IMEI 357743062468032;

3. Issuing a money judgment forfeiture, pursuant to 18 U.S.C. §§ 982(a)(1), 982(a)(6), and 1594(d), in the following amounts:

| **Defendant** | **Amount** | **Statute** |
| --- | --- | --- |
| (11) Win | $525,000 | 18 U.S.C. § 982(a)(1) |
| (17) Mintz | $100,000 | 18 U.S.C. §§ 982(a)(1) and 982(a)(6) |
| (19) Alexander | $100,000 | 18 U.S.C. § 982(a)(1) |
| (22) Khotpratoom | $500,000 | 18 U.S.C. §§ 982(a)(1) and 1594(d) |

4. Forfeiting from Defendants (17) Matthew Mintz, (19) Richard Alexander, and (22) Panwad Khotpraoom, pursuant to 18 U.S.C. §§ 982(a)(1) and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, involved in, respectively

 a. Count 2 of the Information against Mintz;

 b. Count 2 of the Information against Alexander; and

 c. Count 4 of the Third Superseding Indictment against Khotpratoom; and any property traceable to such property;

5. Forfeiting from Defendant (17) Mintz, pursuant to 18 U.S.C. § 982(a)(6) and Fed. R. Crim. P. 32.2(b)(2)(C), any property real or personal that constitutes, or is derived from, or is traceable to the proceeds obtained directly or indirectly from Count 1 of the Information, or that was used to facilitate, or was intended to be used to facilitate, the commission of Count 1 of the Information;

6. Forfeiting from Defendant (22) Khotpratoom, pursuant to 18 U.S.C. § 1594(d) and Fed. R. Crim. P. 32.2(b)(2)(C), any property, real or personal, involved in, used, or intended to be used to commit or to facilitate the commission of Count 1 of the Third Superseding Indictment, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds that Khotpratoom obtained, directly or indirectly, as a result of Count 1 of the Third Superseding Indictment, and any property traceable to such property;

7. Allowing the United States to take discovery from Defendants (17) Mintz, (19) Alexander, and (22) Khotpratoom to identify additional assets potentially subject to forfeiture;

8. The United States shall, pursuant to 21 U.S.C. § 853(n)(1), publish and give notice of this Order and its intent to dispose of the foregoing property in such manner as the Attorney General may direct;

9. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and (c)(1)(B), and 21 U.S.C. § 853(m), as to Defendants (17) Mintz, (19) Alexander, and (22) Khotpratoom, the United States may conduct discovery to identify property subject to forfeiture under the

terms of this order, or to address any factual issues raised by a third-party petition filed pursuant to Fed. R. Crim. P. 32.2(c);

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to Defendants named herein at the time of sentencing, and shall be made a part of Defendants' sentences and included in the judgments;

11. Following the Court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the foregoing property and may warrant good title to any subsequent purchaser or transferee; and

12. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: May 14, 2019        s/Donovan W. Frank
                           DONOVAN W. FRANK
                           United States District Judge